2008 WY 113

**Jack DOLLARHIDE, Appellant (Plaintiff),**

v.

**Scott BANCROFT and Murray Shattuck, Appellees (Defendants).**

No. S–07–0236.

Supreme Court of Wyoming.

Sept. 29, 2008.

Representing Appellant: Robert E. Schroth, Schroth & Schroth, LLC, Jackson, Wyoming.

Representing Appellees: Scott P. Klosterman, Williams, Porter, Day & Neville, PC, Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Jack Dollarhide, challenges the district court's order dismissing his case for lack of prosecution. We will reverse.

### ISSUES

[¶ 2] Mr. Dollarhide raises a single issue: Did the trial court abuse its discretion by dismissing Plaintiff's/Appellant's Complaint for Lack of Prosecution?

Appellees present this additional issue:
Should this appeal be dismissed because of Appellant's noncompliance with W.R.A.P. 7.01?

### FACTS

[¶ 3] On August 3, 2001, Mr. Dollarhide was injured while working for Bancroft Construction, Inc. On August 29, 2003, he filed a complaint against Scott Bancroft, the owner of Bancroft Construction, and Murray Shattuck, the general construction superintendent, asserting claims of co-employee liability. On December 6, 2004, Mr. Bancroft and Mr. Shattuck filed their first motion to dismiss for lack of prosecution, contending that Mr. Dollarhide had done nothing to prosecute his action in the fifteen months since the complaint was filed. On January 12, 2005, Mr. Dollarhide's counsel filed a motion to withdraw, citing a conflict of interest. On January 24, 2005, the district court held a hearing on the motions. It denied the motion to dismiss, and granted the motion to withdraw, but with this warning:

I'm allowing you to withdraw, but ... put the other attorney on notice that this is a fast-track case and there will not be the usual time that the Court usually allows for discovery, expert witnesses, and whatever, but this will be on a fast track.

[¶ 4] On February 4, 2005, Mr. Dollarhide's new attorney entered his appearance. He soon filed a request for a scheduling conference. The district court held a scheduling conference on April 21, 2005, and issued an order that established deadlines for the completion of discovery, designation of experts, and filing of dispositive motions and final pretrial memoranda. The final pretrial conference was scheduled for September 23, 2005. No trial date was set. Rather, the scheduling order stated that the trial would be scheduled at the final pretrial conference.

[¶ 5] The scheduling order set a deadline of July 1, 2005, for the filing of any dispositive motions. Despite this deadline, Mr. Bancroft and Mr. Shattuck filed a motion for summary judgment on August 5, 2005. The scheduling order had provided that dispositive motions would be heard on August 9, 2005. The record contains no order vacating or rescheduling that hearing, although it appears that no hearing was held on the sched-

uled day. Instead, the district court set the summary judgment hearing on the same day as the final pretrial conference, September 23, 2005. While there is no transcript of the proceedings that day, the parties agree that the district court heard argument on the motion for summary judgment, but did not conduct the final pretrial conference. On March 1, 2006, the district court entered its order denying the motion for summary judgment. It did not reschedule the final pretrial conference or set a trial date.

[¶ 6] On December 7, 2006, Mr. Bancroft and Mr. Shattuck filed another motion to dismiss for lack of prosecution. Mr. Dollarhide resisted the motion, informing the district court that settlement negotiations had been occurring between the parties, and that he was "prepared to proceed to trial as soon as the [c]ourt sets a date." He also filed a second request for a scheduling conference, asking the court to schedule a final pretrial conference and trial. The district court took no action on Mr. Dollarhide's request. Instead, on January 16, 2007, it held a hearing on the motion to dismiss. Nearly four months later, on May 1, 2007, the district court entered its order of dismissal, concluding as follows:

15. In this case, there has been no bona fide action of record whatsoever taken towards disposition of this case since March 1, 2006, when this [c]ourt entered its Order Denying Defendants' Motion for Summary Judgment. The last bona fide action of record towards disposition taken by [Mr. Dollarhide] was on September 16, 2005, when he filed his Pretrial Memorandum, Proposed Jury Instructions and Opposition to Defendants' Motion in Limine.

16. There is no discovery occurring between the parties. All discovery in this case has been completed and the discovery cut off has long expired. There is no pretrial preparation at this time as [Mr. Dollarhide] has never requested a trial date.

17. It has been over nineteen (19) months since [Mr. Dollarhide] has taken any action, let alone bona fide action, towards disposition of this case. [Mr. Dollarhide's] failure to prosecute this case and bring the

matter to trial with due diligence is inexcusable given the previous motions to dismiss filed by [Mr. Bancroft and Mr. Shattuck]. At the January 4, 2005 motions hearing, this [c]ourt specifically advised [Mr. Dollarhide] that this case is a "fast track case."

18. [Mr. Dollarhide] failed to heed this [c]ourt's previous instructions. [Mr. Dollarhide] cannot escape the duty of expediting his case and he may not rest upon the failure to secure a trial date.

Mr. Dollarhide has appealed the district court's order of dismissal.

## DISCUSSION

### Failure to Comply with W.R.A.P. 7.01

■ [¶ 7] Because it is potentially dispositive, we address first the claim by Mr. Bancroft and Mr. Shattuck that this appeal should be dismissed because Mr. Dollarhide failed to comply with W.R.A.P. 7.01. This issue requires a two-step analysis: Did Mr. Dollarhide violate W.R.A.P. 7.01; and if so, is dismissal an appropriate sanction? The pertinent portion of Rule 7.01 provides as follows:

The brief of appellant shall contain under appropriate headings and in the order indicated:

(a) A title page which must include:

. . .

(2) Identification of party filing the brief; and

. . .

(j) An appendix, which shall contain a copy of the judgment or final order appealed from and the trial court's written and/or oral reasons for judgment, if any, and the statement of costs required by rule 10.01.

[¶ 8] Mr. Bancroft and Mr. Shattuck contend that Mr. Dollarhide violated this rule because the title page of his brief identifies the filing party as "John" Dollarhide rather than "Jack" Dollarhide, and because the brief's appendix does not contain a copy of the order appealed from or a statement of costs. These errors and omissions are apparent on the face of the brief, and we con-

clude that Mr. Dollarhide violated W.R.A.P. 7.01 in these respects.

■ [¶ 9]  Mr. Bancroft and Mr. Shattuck seek dismissal of the appeal.  Pursuant to W.R.A.P. 1.03, the untimely filing of a notice of appeal is jurisdictional, while "failure to comply with any other rule of appellate procedure … is ground only for such action as the appellate court deems appropriate." Thus, dismissal is not required in this case. We have previously declined to dismiss an appeal in which, despite technical violations of the appellate rules, the pleadings supplied adequate notice, and meaningful review was not precluded.  *Montoya v. Navarette–Montoya*, 2005 WY 161, ¶ 4, 125 P.3d 265, 268 (Wyo.2005); *Kinstler v. RTB South Greeley, LTD.*, 2007 WY 98, ¶ 12, 160 P.3d 1125, 1129 (Wyo.2007).  Mr. Bancroft and Mr. Shattuck do not assert that they were confused by Mr. Dollarhide's use of the wrong first name. They do not claim to have been misled about which district court order was being appealed, or to have been prejudiced in any way. Mr. Dollarhide's rule violations do not preclude meaningful review by this Court, and we decline to dismiss this appeal.

### Dismissal for Lack of Prosecution

■ [¶ 10]  "The dismissal of a suit for want of prosecution lies within the sound discretion of the trial court."  *Johnson v. Board of Comm'rs of Laramie County*, 588 P.2d 237, 238 (Wyo.1978).  Accordingly, we review the district court's order dismissing a case for abuse of discretion.  *Randolph v. Hays*, 665 P.2d 500, 504 (Wyo.1983).  "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did."  *Id.* The party appealing an order to dismiss has the burden of establishing an abuse of discretion.  *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo.1997). We keep in mind, however, that dismissal is not a favored course of action, because it "has always been the policy of our law to resolve doubts in favor of permitting parties

to have their day in court on the merits of a controversy."  *Waldrop v. Weaver*, 702 P.2d 1291, 1294 (Wyo.1985), quoting *Carman v. Slavens*, 546 P.2d 601, 603 (Utah 1976).

■ [¶ 11]  Under W.R.C.P. 41(b), the district court may dismiss "any action not prosecuted or brought to trial with due diligence."  Rule 203(c) of the Uniform Rules for District Courts is more specific, indicating that cases "in which no substantial and bona fide action of record towards disposition has been taken for 90 days are subject to dismissal for lack of prosecution."  The parties have cited only a handful of Wyoming cases dealing with dismissals for lack of prosecution, and none with facts similar to this case.  This scarcity of cases may be due to the fact that dismissal of an action is "the most severe of penalties, which ought to be assessed only in the most extreme situations."  *Glatter v. American Nat'l Bank*, 675 P.2d 642, 644 (Wyo.1984).  Extreme situations are rare, so that "no precise rule may be laid down as to what circumstances justify a dismissal for lack of prosecution."  Instead, "the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand."  *Randolph*, 665 P.2d at 503.

[¶ 12]  With that background, we turn to the circumstances surrounding Mr. Dollarhide's case.  From its beginning, this case moved slowly.  The scheduling conference was not held until nineteen months after the complaint was filed, and then at the request of Mr. Dollarhide's new counsel.  In the order issued after the scheduling conference, the district court established deadlines for the completion of discovery, designation of experts, and filing of dispositive motions and final pretrial memoranda.  It is significant, we think, that Mr. Dollarhide appears to have complied with all of those deadlines.[1]

[¶ 13]  The scheduling order set a date for the final pretrial conference, and provided

---

1.  In his final pretrial memorandum, Mr. Dollarhide stated that discovery had not been completed because he had been unable to locate and depose one witness.  Nevertheless, in its order

dismissing the case for lack of prosecution, the district court concluded that "[a]ll discovery in this case has been completed and the discovery cut off has long expired."

that the trial date would be set at that time.[2] Because the final pretrial conference was never held, no trial date was ever set. In its dismissal order, the district court criticized Mr. Dollarhide for failing to request a trial date. That may be appropriate criticism, but considering the circumstances of this case, we think that responsibility for the slow pace of this litigation must be spread more broadly. When the scheduled date for the final pretrial conference arrived, the district court instead held a hearing on the motion for summary judgment. It did not conduct the final pretrial conference. Mr. Dollarhide was not at fault for that turn of events. After oral argument on the summary judgment motion, the district court took the matter under advisement. Six months later, it issued an order denying summary judgment. Mr. Dollarhide cannot be blamed for that delay.

[¶ 14] Nine more months passed, with no apparent action from the parties or the district court. Mr. Bancroft and Mr. Shattuck then filed another motion to dismiss for lack of prosecution. In response, Mr. Dollarhide informed the district court that his counsel had tried to arrange mediation of the dispute, and had engaged in ongoing settlement negotiations. The district court made no mention of these settlement efforts in its order dismissing the case. *Compare Randolph*, 665 P.2d at 501 (district court, apparently unaware that discovery was continuing, abused discretion in dismissing case for lack of prosecution).

[¶ 15] While it is true that Mr. Dollarhide could have requested a trial date, there is no reason that Mr. Bancroft and Mr. Shattuck could not have done the same. The law places the "duty of expediting the case" chiefly with the plaintiff. *Johnson*, 588 P.2d

at 238. It does not, however, relieve the defendant of all obligations regarding the progress of litigation. In this case, Mr. Bancroft and Mr. Shattuck complained that the passage of time made it more difficult to have their witnesses available for trial. If so, one way to alleviate the problem would have been to request a trial setting. In this regard, it is worth noting that the district court made no findings that Mr. Bancroft or Mr. Shattuck had been prejudiced by Mr. Dollarhide's actions or inactions. Finally, we can perceive no reason that the district court could not have set the trial date on its own motion.

[¶ 16] In summary, the district court had warned that this case would be set on a fast track. Mr. Dollarhide complied with all of the deadlines imposed in the scheduling order, and in accordance with that order, he was "ready for trial in all respects by the time of the final pretrial conference." Due to no fault of his, the final pretrial conference was never held. It was never rescheduled, and no trial date was ever set. But despite the slow pace of this litigation, the district court found no prejudice resulting from any lack of prosecution. Under these circumstances, the district court could not reasonably conclude that this was the sort of extreme situation justifying dismissal for lack of prosecution. Given our policy of allowing parties their day in court, we deem that it was an abuse of discretion to dismiss Mr. Dollarhide's suit for lack of prosecution. We reverse that decision and remand the case to the district court.

---

2. The scheduling order required that the "case must be ready for trial in all respects by the time of the final pretrial conference." This requirement is consistent with W.R.C.P. 16(d), which directs that the "final pretrial conference shall be held as close to the time of trial as reasonable under the circumstances." However, the scheduling order also indicated that the district court would not set the trial date until the final pretrial conference. This practice can create a significant practical problem. If the trial date is not set until the final pretrial conference, and is held soon after the final pretrial conference, then trial counsel and witnesses receive only short notice of the trial date, and could find it difficult to make themselves available for trial. *See Urich v. Fox*, 687 P.2d 893, 896 (Wyo.1984) ("[F]ive days notice of trial is presumptively not reasonable notice."). It would be a better practice in most cases to set a trial date earlier in the proceedings. This could be done, for example, in the initial scheduling order. "A system that provides adequate notice of scheduled events and certainty that they will occur as scheduled is more likely to encourage timely and effective case preparation." Maureen Solomon & Douglas K. Somerlot, *Caseflow Management in the Trial Court Now and For the Future*, A.B.A., at 5 (1987).