2012 WY 113

**NORTHWEST BUILDING COMPANY, LLC, a Wyoming Limited Liability Company, Appellant (Plaintiff),**

v.

**NORTHWEST DISTRIBUTING CO., INC., a Wyoming Corporation, Appellee (Defendant).**

No. S–11–0283.

Supreme Court of Wyoming.

Aug. 29, 2012.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1]   Northwest Building Company, LLC (Contractor) performed construction services for Northwest Distributing Co., Inc. (Owner) on a Taco John's/Good Times facility in Gillette, Wyoming.   Contractor brought an action against Owner seeking payment for its services, and Owner counterclaimed.   After Contractor's attorney moved to withdraw, the district court ordered Contractor to find substitute counsel by the pretrial conference. When Contractor was unable to find substitute counsel by the deadline, the district court sanctioned it by dismissing its complaint and granting judgment in favor of Owner on its counterclaims.   Contractor appealed, raising a number of procedural issues.

[¶ 2]   We affirm.

## ISSUES

[¶ 3]   Contractor presents several issues for our review:

1. Whether the District Court abused its discretion when it allowed [Contractor's] counsel to withdraw when no new counsel had entered a written appearance on [Contractor's] behalf.

2. Whether the District Court abused its discretion when it dismissed all of [Contractor's] claims with prejudice and entered judgment against [Contractor] on all of [Owner's] counterclaims in its *Order Granting Motion to Withdraw and Imposing Sanctions*, and denied [Contractor's] motion to set aside those sanctions in its *Order Denying Motion to Set Aside Sanctions*.

3. Whether the District Court erred when it considered [Contractor's] *Notice of Appeal*, dated May 31, 2011, appealing the District Court's *Order Granting Motion to Withdraw and Imposing Sanctions* and *Order Denying Motion to Set Aside Sanctions* premature.

4. Whether the District Court erred when it maintained jurisdiction over the case, proceeded to a hearing on the damages owed [Owner] on [Owner's] counterclaims on July 29, 2011, and awarded [Owner] damages pursuant to its counterclaims in its *Judgment,* dated September 19, 2011.

5. Whether the District Court abused its discretion when it struck [Contractor's] *Statement of the Evidence or Proceedings* from the record on appeal in its entirety.

Owner's statement of the issues is similar.

### FACTS

[¶ 4] The underlying facts are of little relevance to the issues on appeal, so we will simply provide some basic background of the controversy. In Spring 2006, Owner and Contractor entered into an oral agreement for construction services on a Taco John's/ Good Times facility in Gillette. Disputes arose over the scope and quality of Contractor's work and its right to payment.

[¶ 5] On October 31, 2008, Contractor filed suit against Owner stating claims for payment of debt, unjust enrichment, lost business opportunity and breach of the im-

plied covenant of good faith and fair dealing. Owner responded denying liability and counterclaiming for breach of contract and unjust enrichment. The case proceeded, and the district court granted Owner's motion to strike Contractor's expert witness and motion for partial summary judgment on Contractor's lost business opportunity claim.

[¶ 6] On March 22, 2011, Contractor's attorney filed a motion to withdraw, and the district court held a hearing on the motion on April 12, 2011. At that time, the district court indicated that it was going to allow Contractor's attorney to withdraw and ordered it to obtain substitute counsel by the pretrial conference on April 19, 2011. The court stated that substitute counsel would have to be ready for trial commencing May 24, 2011.

[¶ 7] Although it attempted to find substitute counsel by the April 19 deadline, Contractor was unable to finalize a representation agreement with its new counsel by that date. Pursuant to Owner's motion for sanctions, the district court dismissed Contractor's complaint, entered judgment against Contractor on Owner's counterclaims and stated that a hearing to determine Owner's damages would be convened at a later date. A few days later, Contractor finalized an agreement with new counsel who entered an appearance and filed a motion to set aside the sanctions. The district court denied the motion to set aside the sanctions.

[¶ 8] On May 31, 2011, Contractor filed a notice of appeal from the order granting the motion to withdraw and imposing sanctions and the order denying its motion to set aside the sanctions. Because the various court hearings had not been reported, Contractor also filed a "Statement of the Evidence or Proceedings" pursuant to W.R.A.P. 3.03, which Owner objected to as including improper argument and information that was not provided during the evidentiary hearings.

[¶ 9] The parties eventually stipulated to the amount of Owner's damages, and, on September 19, 2011, the district court entered judgment in accordance with the stipulation. It also ordered the parties to supplement their submissions regarding the

statement of the evidence. Contractor filed a second notice of appeal from the judgment awarding Owner damages, but did not file a supplement to its statement of the evidence and the district court struck it from the record.

## DISCUSSION

### 1. Motion to Withdraw

[¶ 10] Contractor claims the district court erred by allowing its attorney to withdraw without requiring substitute counsel to first enter an appearance. "[I]ssues concerning the withdrawal of counsel ... are matters which are left to the sound discretion of the trial court and will not be upset on appeal absent a demonstrated abuse of discretion." *Byrd v. Mahaffey*, 2003 WY 137, ¶ 5, 78 P.3d 671, 673 (Wyo.2003).

> An abuse of discretion is found only when a court acts in a manner which exceeds the bounds of reason under the circumstances. The ultimate issue is whether the trial court could reasonably conclude as it did.

*Id.*

[¶ 11] Rule 102(c) of the Uniform Rules for District Courts governs the procedure for an attorney to withdraw from a case:

> (c) Counsel will not be permitted to withdraw from a case except upon court order. *Except in the case of extraordinary circumstances the court shall condition withdrawal of counsel upon the substitution of other counsel by written appearance.* In the alternative, the court shall allow withdrawal upon a statement submitted by the client acknowledging the withdrawal of counsel for the client, and stating a desire to proceed pro se. An attorney who has entered a limited entry of appearance shall be deemed to have withdrawn when the attorney has fulfilled the duties of the limited entry of appearance.

(emphasis added). The requirement for substitute counsel is mandatory under Rule 102(c). *Sims v. Day*, 2004 WY 124, ¶ 11, 99 P.3d 964, 968–69 (Wyo.2004). The only exceptions to the rule are when the client consents to proceed *pro se, see, e.g., McGuire v. Solis*, 2005 WY 129, ¶ 13, 120 P.3d 1020, 1024 (Wyo.2005), or extraordinary circumstances exist. The district court stated that because Contractor is an "entity," it had to be represented by an attorney and could not proceed *pro se.* U.R.D.C. 101.[1] Consequently, the only justification for allowing Contractor's attorney to withdraw before substitute counsel entered an appearance was the existence of extraordinary circumstances.

[¶ 12] Contractor's attorney filed a motion stating several reasons for withdrawal, including Contractor failed to: produce income tax returns needed by its expert to prepare his report, which resulted in the expert being stricken as a witness; accept a certified mailing from counsel and respond to a regular mailing; and consistently pay for his services. After a hearing, the district court concluded that the attorney should be allowed to withdraw without substitute counsel first entering an appearance, but did not specifically find that extraordinary circumstances existed.

[¶ 13] In *Byrd,* we addressed the "extraordinary circumstances" requirement of Rule 102(c). The district court in that case also did not make a specific finding that extraordinary circumstances existed; however, we concluded the requirement was met because the record demonstrated that Byrd refused to keep appointments, did not respond to telephone calls, refused to execute a deed in accordance with an earlier agreement, communicated directly with the opposing party, refused to make payments to the opposing party as required by court order, and did not cooperate with discovery requests. *Id.,* ¶¶ 15–16, 78 P.3d at 675–76. The record also demonstrated that Byrd failed to "cooperate and obstructed the orderly progression" of the case, placing his counsel in a very difficult position. *Id.,* ¶ 16, 78 P.3d at 676.

---

1. URDC 101(b) states: "Corporations and unincorporated associations (other than partnerships and individual proprietorships) may appear only through an attorney licensed to practice in Wyoming." Contractor is a limited liability company. Although Rule 101(b) does not specifically state that it applies to limited liability companies, no issue is raised with regard to the district court's ruling that Contractor had to be represented by an attorney.

[¶ 14] In *Sims*, by contrast, we concluded extraordinary circumstances did not exist when the attorney's motion to withdraw simply stated that representation had been "rendered unreasonably difficult by the client— due to the client's neglect in communicating and complying with requests of [c]ounsel." We additionally concluded that the district court erred in allowing withdrawal of counsel because the client had not been given an opportunity to respond to the attorney's allegations before the motion was granted. *Sims*, ¶¶ 11–13, 99 P.3d at 969.

[¶ 15] Comparing the circumstances in *Byrd* with the reasons set forth in the motion to withdraw in this case, we cannot say that Contractor's attorney's motion satisfied the extraordinary circumstances requirement. Byrd's actions were a great deal more egregious then those set out in the motion here. The first reason cited by Contractor's attorney for withdrawal—failure to provide income tax returns that led to the order striking Contractor's expert—is not entirely accurate. The order striking the expert included several bases besides the lack of information from Contractor. Moreover, the attorney's assertion that Contractor did not respond to two mailings (one certified and one regular) does not indicate the attorney attempted other means of communicating with the client that were rejected. Finally, lack of payment is not an "extraordinary circumstance." If we were to accept these grounds as adequate, the rule would essentially be swallowed by the exceptions.

[¶ 16] However, unlike in *Sims*, the district court in this case held a hearing on the motion to withdraw. After the hearing, the district court found that the circumstances justified allowing the attorney to withdraw without substitute counsel having entered an appearance. The district court recited the following basis for its decision:

> [Contractor's] counsel has worked extensively with the [Contractor] in an effort to resolve differences that have arisen among them, which differences include a lack of cooperation by the [Contractor] in the discovery process and in trial preparation. Despite those efforts by [Contractor's] counsel, the relationship between them has deteriorated to the point that it cannot be repaired. Consequently, the Motion of [Contractor's] counsel to withdraw is hereby granted.

[¶ 17] In determining whether withdrawal should be allowed in absence of replacement counsel, it is appropriate to consider the actions of the client and whether those actions contributed to the withdrawal request and weigh the right to counsel against the prompt administration of justice. "[T]he trial court is better able to judge the matter . . . and is more familiar with the background and general setting of the situation, which is frequently not embalmed in the formal record." *Byrd*, ¶ 19, 78 P.3d at 676, citing *Cates v. Eddy*, 669 P.2d 912, 915–16 (Wyo.1983). The record on appeal does not contain a transcript of the hearing on the attorney's motion to withdraw and the record was not settled in accordance with W.R.A.P. 3.03. Consequently, we are left with "no choice but to assume that the evidence supports the district court's findings." *Kruse v. Kruse*, 2010 WY 144, ¶ 12, 242 P.3d 1011, 1014 (Wyo. 2010). Given the lack of a record and the fact that we defer to the district court in such matters, we conclude the district court did not abuse its discretion when it allowed Contractor's attorney to withdraw without first requiring substitute counsel to enter an appearance.

### 2. Sanctions

[¶ 18] A district court has discretion in overseeing the conduct of court proceedings and imposing sanctions when a party violates its orders. *See, e.g. Lieberman v. Mossbrook*, 2009 WY 65, ¶ 64, 208 P.3d 1296, 1314 (Wyo.2009) (granting sanctions for violation of discovery requirements); *Terry v. Sweeney*, 10 P.3d 554 (Wyo.2000) (imposing sanctions for violation of a liminal ruling that led to a mistrial). We review the district court's decision on sanctions for abuse of discretion. *Dollarhide v. Bancroft*, 2010 WY 126, ¶ 4, 239 P.3d 1168, 1170 (Wyo.2010).

[¶ 19] After the district court allowed Contractor's attorney to withdraw, it imposed sanctions against Contractor for failing to comply with its order to secure substitute counsel. The sanctions included dis-

missal of Contractor's claims and entry of judgment in favor of Owner on its counterclaims. A few days later, new counsel entered an appearance on behalf of Contractor and filed a motion to set aside the sanctions, which the district court denied. Contractor claims the district court erred by imposing the sanctions and refusing to set them aside.

[¶ 20] W.R.C.P. 41(b)(1) authorizes a district court to dismiss a case for failure to comply with its orders:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In addition, a court has inherent authority to take actions necessary for it to perform its court functions. *Terry*, 10 P.3d at 558; *Bi-Rite Package, Inc. v. District Court of Ninth Judicial District*, 735 P.2d 709, 713–14 (Wyo. 1987). The sanction power extends to dismissal of a suit or entering default judgment against the offending party. *Dollarhide v. Bancroft*, 2008 WY 113, ¶¶ 10–11, 193 P.3d 223, 226; *Lieberman*, ¶ 64, 208 P.3d at 1314.

[¶ 21] This Court discussed the sanction of dismissal for want of prosecution in *Dollarhide*, ¶¶ 10–11, 193 P.3d at 226. We stated that, while the district court has discretion to sanction a party by dismissing the suit, dismissal is not a favored course of action as it " 'has always been the policy of our law to resolve doubts in favor of permitting parties to have their day in court on the merits of a controversy.' " *Id.*, ¶ 10, 193 P.3d at 226, quoting *Waldrop v. Weaver*, 702 P.2d 1291, 1294 (Wyo.1985). In determining whether the harsh sanction of dismissal is warranted, "the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on

the other hand." *Randolph v. Hays*, 665 P.2d 500, 503 (Wyo.1983).

[¶ 22] The district court's sanctions order stated:

3. The Scheduling Order entered on August 10, 2009, required that the parties be prepared for trial commencing May 24, 2011. The [Contractor] does not have counsel to represent it as of the granting of the Motion to Withdraw. Moreover, the [Contractor] is an entity and therefore cannot appear *pro se*. Consequently, the [Contractor] is not prepared to proceed at this time.

4. The [Contractor] has had sufficient notice that its attorney intended to withdraw from this case to permit it to retain counsel prior to the Pretrial conference on April 19, 2011, but has failed to do so. The [Contractor] has also made no showing that it will be able to retain counsel and be prepared for trial by May 24, 2011, as required by the Court's Scheduling Order.

5. If trial cannot be held on May 24, 2011, it is likely that the next available opening on the Court's calendar will be a year or more later. Requiring the [Owner] to wait that long for a trial because the [Contractor] is not able to honor the obligation placed upon it in the Scheduling Order would be unfairly detrimental to the [Owner].

. . . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that [Contractor's] claims are dismissed with prejudice.

IT IS[ ] FURTHER ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of the [Owner] on its Counterclaim, and that, given the [Contractor's] inability to rebut the same at tr[ia]l in accordance with the Scheduling Order herein, the . . . allegations in the [Owner's] Counterclaim are accepted by the Court[.]

[¶ 23] Again, Contractor does not provide a transcript or a statement of the evidence presented at the sanctions hearing to support its position that the district court

abused its discretion by imposing the sanctions. Faced with a similar situation in *Terry*, 10 P.3d at 558, we stated: "As this evidence is unavailable, we must assume the trial court conducted itself in a reasonable and rational manner." Here, it is clear Contractor did not comply with the district court's order to have substitute counsel in place by the time of the pretrial conference. Once the district court granted its attorney's motion to withdraw, Contractor was unrepresented. Given Contractor could not proceed *pro se*, it was unprepared to prosecute its own claims or defend against Owner's counterclaims. We acknowledge that the sanctions imposed here—dismissal of the primary suit and granting judgment in favor of Owner on its counterclaims—were harsh and, in general, are not favored. Nevertheless, applying our precedent which gives a court authority to enforce its orders and requires that we accept the district court's rationale when there is no evidence for us to review, we cannot conclude under the circumstances here that the district court abused its discretion by imposing the sanctions.

[¶ 24] Contractor also fails to establish the district court abused its discretion when it refused to set aside the sanctions. The district court's order explained:

1. This Court advised [Contractor] to secure new counsel prior [to] the pretrial conference scheduled for April 19, 2011.

2. [Contractor] failed to do so and, as a result, was not prepared to go forward with the trial commencing May 24, 2011, in violation of this Court's scheduling order.

3. If [Contractor] could have been ready to proceed to trial at the scheduled time, then it should have made arrangements before the date of the pretrial conference as ordered by this Court—not after.

4. [Contractor's] conduct in this matter has had detrimental consequences for both the [Owner] and this Court.

5. The trial date set to commence on May 24, 2011, has now been released.

6. Even if this Court were inclined to reset this matter, such would not likely occur for a year or more later.

7. This significant delay is unfairly detrimental to [Owner].

**IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED** that the [Contractor's] Motion to set Aside Sanctions is hereby DENIED.

[¶ 25] Contractor claims the district court should have set aside the sanctions because its new law firm entered an appearance three days after the case was dismissed and stated that it would be ready to try the case on the date originally set for trial. While Contractor may have been prepared to try the case and, consequently, ultimately comply with the scheduling order, the fact remains that it violated the district court's order to have substitute counsel in place by the pretrial conference. By the time Contractor's new counsel entered an appearance, the trial date had apparently already been released and there was no available date for a year or more. Given the lack of record and the significant discretion we accord a district court to manage its docket for the purposes of preventing undue delay, we cannot say the district court abused its discretion by refusing to set aside the sanctions.

### 3. Premature Notice of Appeal/District Court Jurisdiction

[¶ 26] In its third and fourth issues, Contractor challenges the district court's declaration that its first notice of appeal was premature and claims the court did not have jurisdiction to determine Owner's damages after Contractor filed its notice of appeal. Both of these issues depend upon a determination of when a final appealable order was entered. The question of whether an order is appealable involves the jurisdiction of this Court and is, therefore, subject to *de novo* review. *Inman v. Williams*, 2008 WY 81, ¶ 10, 187 P.3d 868, 874 (Wyo.2008). W.R.A.P. 1.05 defines an appealable order as:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding; or

(c) An order made upon a summary application in an action after judgment; or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

[¶ 27] In *Public Serv. Comm'n v. Lower Valley Power and Light, Inc.*, 608 P.2d 660, 661 (Wyo.1980), we stated that an appealable order is "a judgment or order which determines the merits of the controversy and leaves nothing for future consideration." This is consistent with W.R.A.P. 1.05(a)'s definition of an appealable order as one which affects a substantial right and effectively determines the action. The district court's sanctions order specifically stated that a hearing would be set in the future to determine Owner's damages on its counterclaims. Thus, the sanctions order did not finally determine the merits of the controversy. In addition, the sanctions order was not made in a special proceeding, upon a summary application after judgment, or under W.R.C.P. 59 and, accordingly, did not fit the definition of an appealable order under W.R.A.P. 1.05(b) through (d). There is, likewise, no argument that the sanctions order was an appealable interlocutory order under subsection (e). As such, the sanctions order was not appealable, and the district court had the right and responsibility to decide the damages issue to conclude the matter. The final appealable order in the district court proceeding was the judgment entered on September 19, 2011.

[¶ 28] We note, however, Contractor's position was not adversely affected by its early filing of the first notice of appeal. W.R.A.P. 2.04 states "[a] notice of appeal filed prematurely shall be treated as though filed on the same day as entry of the appealable order, provided it complies with Rule 2.07(a)." Once the final judgment was entered in September 2011, the first notice of appeal became operative and Contractor properly filed a second notice of appeal to include the final judgment as one of the orders being appealed.[2]

### 4. Statement of the Evidence

[¶ 29] After Contractor filed its first notice of appeal, it presented a statement of the evidence to the district court pursuant to W.R.A.P. 3.03 because the various hearings had not been reported. Owner objected to Contractor's statement as including information and arguments not discussed at the hearings. After entering judgment on the parties' damages stipulation, the district court informed Contractor that it had ten days to file a supplement to its statement of the evidence and/or request a hearing. Contractor did not submit any additional information, and the district court entered an order striking Contractor's statement of the evidence, stating:

3. [Contractor's] *Statement of the Evidence o[r] Proceedings* filed on June 27, 2011 does not accurately reflect the unreported hearings in this matter and improperly attempts to establish an evidentiary record that was not presented to the trial court.

4. The Court's orders accurately reflect the status of the proceedings and record in this matter.

[¶ 30] W.R.A.P. 3.03 states:

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means

---

**2.** Given our determination that the final order was the judgment entered in September 2011, we do not need to address Owner's claim that Contractor's motion to set aside sanctions did

not toll the time for filing the first notice of appeal. *See, e.g., Plymale v. Donnelly,* 2006 WY 3, ¶¶ 5–9, 125 P.3d 1022, 1025 (Wyo.2006).

including appellant's recollection. The statement shall be filed and served on appellee within 35 days of the filing of the notice of appeal. Appellee may file and serve objections or propose amendments within 15 days after service. The trial court shall, within 10 days, enter its order settling and approving the statement of evidence, which shall be included by the clerk of the trial court in the record on appeal.

"It is within the district court's discretion whether to approve a statement pursuant to W.R.A.P. 3.03." *Jacobs v. Jacobs*, 895 P.2d 441, 444 (Wyo.1995). Thus, we review the district court's decision for abuse of discretion.

[¶ 31] The purpose of the W.R.A.P. 3.03 procedure is to provide an *accurate* record of the evidence presented in the district court. *White v. Table Mountain Ranches Owners Assoc., Inc.*, 2006 WY 2, ¶ 8, 125 P.3d 1019, 1021 (Wyo.2006). To that end, Rule 3.03 sets out a process whereby the appellant submits a statement of the evidence, the opposing party objects or proposes amendments, and the district court settles and approves the statement. In *TOC v. TND*, 2002 WY 76, ¶ 3, n. 1, 46 P.3d 863, 867, n. 1 (Wyo.2002), we stated "W.R.A.P. 3.03 clearly requires trial court approval of a statement before it can properly be considered settled and become part of the record."

[¶ 32] The district court determined that Contractor's statement of the evidence did not accurately reflect the unreported hearings. Its orders which were already part of the record recounted the status of the proceedings. The determination that Contractor's statement of the evidence was not accurate fell within the district court's discretion and Contractor has not demonstrated the court abused its discretion by refusing to accept a statement that it found did not accurately reflect the evidence produced. We have said that the district court's refusal to settle the record " 'insofar as [it] did not remember the matters suggested … is conclusive.' " *Jacobs*, 895 P.2d at 444, quoting *Feaster v. Feaster*, 721 P.2d 1095, 1097 (Wyo. 1986). The district court did not abuse its discretion by refusing to accept Contractor's

statement of the evidence and, instead, relying on its orders to establish the record on appeal in this case.

[¶ 33] Affirmed.