# IN THE SUPREME COURT, STATE OF WYOMING

# 2024 WY 51

**APRIL TERM, A.D. 2024**

May 2, 2024

JAMES CORLEY, as Wrongful Death
Personal Representative of Logan Corley,
deceased,

Appellant
(Plaintiff),

v.                                                          S-22-0291

WYOMING RENTS, LLC,

Appellee
(Defendant).

*Appeal from the District Court of Sheridan County*
*The Honorable Darci A.V. Phillips, Judge*

*Representing Appellant:*
    Bernard Q. Phelan, Cheyenne, Wyoming.

*Representing Appellee:*
    Beau B. Bump, Cline, Williams, Wright, Johnson and, Oldfather, LLP, Fort Collins,
    Colorado.

*Before FOX, C.J., and *KAUTZ, BOOMGAARDEN, GRAY, and CAUSEY, D.J.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of
the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this
matter on March 27, 2024.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**CAUSEY, District Judge.**

[¶1]    Following the death of his son in a work-related accident, James Corley, as the appointed representative of his son's beneficiaries, filed a wrongful death action against Wyoming Rents, LLC.  At the time of the son's death, the son was operating a manlift his employer had rented from Wyoming Rents, LLC.  After Mr. Corley's counsel missed several deadlines to file an amended complaint, continued to pursue claims against another party that the district court had dismissed from the action, and attempted to engage in discovery even though no amended complaint had been properly filed, among other things, the district court ultimately granted Wyoming Rents' motion to dismiss the action with prejudice.  Mr. Corley appealed, arguing a lesser sanction was more appropriate.  Finding no abuse of discretion in the district court's decision, we affirm.

*ISSUE*

[¶2]    The sole issue on appeal, as rephrased by this Court, is whether the district court abused its discretion by involuntarily dismissing Mr. Corley's wrongful death action with prejudice pursuant to Rule 41(b)(1) of the Wyoming Rules of Civil Procedure.

*FACTS*

[¶3]    On December 18, 2020, Mr. Corley filed a wrongful death action against Wyoming Rents, LLC (Wyoming Rents), and Wyoming Machinery Company (WMC).  In his two-page complaint, Mr. Corley—who had petitioned the court to become the wrongful death representative but had not yet been appointed—alleged that almost two years earlier his son, Logan Corley, was operating a manlift rented from Wyoming Rents to trim trees when the lift "fell as a result of a malfunction caused by the negligence of the defendants, killing the decedent."  He claimed "[t]he defendant owed a duty of care to the plaintiff's decedent to provide to him machinery in good working order and free of defects" and that, as a result of defects in the machine "caused by defendants' negligent maintenance or some other breach of duty of the care to be developed during discovery, the machine failed to operate properly and fell with the decedent strapped into the cage[.]"  Mr. Corley also asserted the defendants were "strictly liable to the plaintiff's decedent."

[¶4]    On February 16, 2021, before serving his original complaint, Mr. Corley filed his First Amended Complaint.  In that amended complaint, Mr. Corley confirmed he had been appointed the wrongful death representative of Logan Corley.  He also removed the prayer for relief found at the end of the original complaint, but the amendment did not otherwise change any substantive claim.

1

[¶5] After being served with the amended complaint, Wyoming Rents and WMC timely moved to dismiss it under Rule 12(b)(6) of the Wyoming Rules of Civil Procedure. They argued Mr. Corley had failed to state a wrongful death claim, failed to show any entitlement to relief against WMC in any way, improperly asserted a strict liability claim against Wyoming Rents as a rental company, failed to show the grounds for the district court's jurisdiction over the matter, and failed to make a proper demand for relief. They asked the district court to dismiss the claims with prejudice.

[¶6] Additionally, Wyoming Rents filed a third-party complaint against Quality Hedge and Tree, Incorporated (Quality Hedge). Wyoming Rents claimed that Mr. Corley, as registered agent for Quality Hedge, signed the rental agreement for the manlift and that such agreement provided, among other things, the equipment would only be used by trained operators. Wyoming Rents asserted that Quality Hedge permitted its worker, Logan Corley, to operate the manlift without adequate training, which led to the young man's death, and that Quality Hedge was required to indemnify Wyoming Rents per the terms of the rental agreement for any liability arising from that death.

[¶7] Over 30 days after filing and service of the motion to dismiss and third-party complaint, on April 27, 2021, Mr. Corley both responded to the motion and answered the third-party complaint. However, when Wyoming Rents filed its First Amended Third-Party Complaint against Quality Hedge on May 11, 2021, Mr. Corley did not answer or otherwise defend.

[¶8] The district court heard the motion to dismiss on May 21, 2021. On May 25, 2021, the court issued its Order Granting Motion to Dismiss In Part and Order Granting Leave to Amend. In that order, the court dismissed WMC as a party because there were no claims presented against it, dismissed Mr. Corley's strict liability claim because there were no facts pled to support such liability, and dismissed the First Amended Complaint as a whole because of numerous deficiencies in the pleading. So as not to preclude the possibility of presenting a valid claim, the court granted Mr. Corley leave to file a second amended complaint within 15 days from the date of the court's order, or in other words by June 9, 2021, provided that such complaint complied with the specific directives the court gave in its order.

[¶9] In spite of the district court's directives, Mr. Corley did not file any revised amended complaint by June 9, 2021. Instead, he filed a Second Amended Complaint on June 14, and he served Wyoming Rents the same day. Although the court had dismissed WMC from the action without prejudice, Corley included WMC in the Second Amended Complaint's caption and noted his claims were against "the defendants" throughout the pleading. He did not specify how WMC was involved in the claims as the court specifically directed, however.

[¶10]   On June 28, 2021, Wyoming Rents moved to strike Mr. Corley's Second Amended Complaint as untimely and improperly brought against WMC in violation of the court's previous order.  Again, the district court considered that and other motions—including Wyoming Rents' application for entry of default for Mr. Corley's failure to answer the First Amended Third-Party Complaint—during a hearing on September 1, 2021.

[¶11]   On September 10, 2021, the district court issued its Order Granting Motion to Strike Second Amended Complaint and Order Granting Leave to Amend and Order Denying Motion to Set Aside Default.  In the order, the court explained that Wyoming Rents had moved to strike the Second Amended Complaint "because it was untimely and did not comply with th[e] Court's orders."  In response to the motion, "[a]t the hearing, counsel for [Mr. Corley] did not offer any explanation for the untimely filing or failure to remove [the unsupported claims against WMC]."  Accordingly, the court found it should grant Wyoming Rents' motion to strike and "that [Mr. Corley] should be given one more chance to file an amended complaint."  The court ordered "that [Mr. Corley] is granted leave to amend his complaint, and he shall file a third amended complaint within fifteen (15) days from the date of this order," or by September 25, 2021.

[¶12]   Additionally, the court considered the question of default against Quality Hedge for failing to answer the amended third-party complaint.  Mr. Corley's counsel explained he failed to answer the First Amended Third-Party Complaint "because he was mistaken about the rules surrounding amendment of pleadings" which had been in place since a rule change on March 1, 2017.  The district court found that Quality Hedge had "failed to show good cause or excusable neglect, and the motion to set aside the default should be denied."

[¶13]   In spite of the court's second order, Mr. Corley did not file an amended complaint by the deadline of September 25, 2021. Rather than wait for Mr. Corley or his counsel to belatedly file, on October 4, 2021, Wyoming Rents filed its W.R.C.P. 41(b) Motion to Dismiss, citing Mr. Corley's failure to file any pleading by the district court's deadline.  In response to that motion, on Sunday, October 10, 2021, Mr. Corley's counsel emailed Wyoming Rents' counsel to request that Wyoming Rents "stipulate that the attached complaint may be late filed" because counsel "just did not see the time limitation on the Court's Order."  The complaint attached to the email in essence was the Second Amended Complaint that the district court had previously stricken for failure to comply with the court's first order, with perhaps a few small changes.  Wyoming Rents' counsel responded the next day that Wyoming Rents would not stipulate to filing that complaint.

[¶14]   In spite of opposing counsel's response, Mr. Corley through counsel filed his Third Amended Complaint on October 15, 2021.  This last iteration of the complaint removed WMC from the case caption but otherwise did not change any allegations against "the defendants."  Mr. Corley then filed a motion for leave to file the Third Amended Complaint

on October 18, 2021. In that motion, Mr. Corley's counsel conceded "he did not see the time limitation placed in the order." Further, counsel wrote a letter, filed with the district court clerk on October 20, 2021, conceding he did not notice the time limitation in the Court's Second Order until he received Wyoming Rents' W.R.C.P. 41(b) Motion to Dismiss. Even so, counsel argued he did not believe he needed to seek leave of the court to belatedly file his Third-Amended Complaint because, "since leave was granted [previously by order of the district court to file an amended complaint by September 25, 2021], the defendant should file a motion to strike the pleading after being late filed if he feels there has been some prejudice to his client."

[¶15] As to be expected, in response to Mr. Corley's counsel's argument, Wyoming Rents responded with a Motion to Strike Third Amended Complaint on October 29, 2021. It also responded to Mr. Corley's motion for leave to file the Third Amended Complaint on November 8, 2021. In its various submissions to the district court—specifically the W.R.C.P. 41(b) Motion, the Motion to Strike Third Amended Complaint, and the Response to Mr. Corley's Motion for Leave to file Third Amended Complaint—Wyoming Rents once more requested the district court to dismiss Mr. Corley's action with prejudice under W.R.C.P. 41(b)(1). Mr. Corley, in turn, responded to Wyoming Rents' filings in a single response filed December 3, 2021.

[¶16] While the district court was entertaining the parties' ongoing dispute concerning the filing of a proper complaint, it also had to consider a discovery dispute between the parties. More specifically, on October 15, 2021, Mr. Corley served written discovery on Wyoming Rents and WMC. Counsel for Wyoming Rents requested that Mr. Corley's counsel withdraw the discovery request because the pleadings had not closed and discovery, therefore, was untimely. Mr. Corley, through counsel, would not agree to withdraw the discovery. Accordingly, Wyoming Rents filed a Motion for Protective Order on November 15, 2021.

[¶17] The district court held a third hearing on the outstanding motions on December 6, 2021. During that hearing, counsel for Wyoming Rents argued that Mr. Corley was requesting to be given a fifth chance to file a complaint in compliance with Wyoming law and the district court's previous orders. Counsel reiterated the reason for his request to dismiss with prejudice relied not only upon the fact that Mr. Corley had missed multiple opportunities to file, but also that upon learning of the latest missed final deadline, Mr. Corley's counsel filed the late pleading and thereafter asserted that "the defendant should file a motion to strike the pleading after being late filed if he feels there has been some prejudice to his client."

[¶18] Counsel for Wyoming Rents argued that dismissal under W.R.C.P. 41(b)(1) was appropriate given Mr. Corley's repeated failures to diligently prosecute the case, comply

with the Wyoming Rules of Civil Procedure, and follow court orders. Although counsel for Wyoming Rents asserted that prejudice was not required to be shown, he provided examples of how Mr. Corley's violations of the procedural rules and court orders caused his client to incur significant and unnecessary expenses. For example, counsel recited how Mr. Corley served discovery on Wyoming Rents and WMC prior to time for discovery officially commencing, refused to withdraw the discovery request, forced Wyoming Rents to file for a protective order, and then offered to withdraw the discovery request only at the hearing on the motion for protective order.

[¶19] For his part, Mr. Corley's counsel conceded that he noticed the district court's 15-day deadline only after Wyoming Rents filed its motion. Mr. Corley's counsel also conceded that pique motivated his service of early discovery.

[¶20] On December 14, 2021, the district court issued its Order Granting Motion to Strike Third-Amended Complaint and Order Granting W.R.C.P. 41(b)(1) Motion to Dismiss, which in relevant part dismissed Mr. Corley's wrongful death action with prejudice. The court made numerous specific findings supporting its decision to impose this sanction, but overall, it found Mr. Corley and his counsel "have shown either an ignorance or willful disregard of the Rules and this Court's orders throughout this case."

[¶21] With regard to missing deadlines set in the district court's various orders, the court observed that both the Second Amended Complaint and the Third Amended Complaint were filed late without any request for an extension of time prior to expiration of the deadline. With regard to the Third Amended Complaint, counsel offered no excuse except that he did not notice "the deadline that was clearly spelled out in the order." Mr. Corley's counsel also offered no explanation for why he waited nearly two weeks after the filing of Wyoming Rents' Rule 41(b) Motion to Dismiss to seek permission to file a Third Amended Complaint.

[¶22] In addition to missing such critical deadlines, the district court determined Mr. Corley's amended complaints violated the court's orders because the pleadings contained allegations against "defendants" even though the court already had dismissed WMC from the action, and because the amended complaints failed to properly inform the actual party, Wyoming Rents, of the claims against it. Counsel for Mr. Corley also served discovery requests on both parties, even though discovery was not timely given the lack of a properly filed complaint. The court determined that Mr. Corley's counsel "propounded untimely discovery on Wyoming Rents and non-party Wyoming Machinery, because counsel was irritated that Wyoming Rents would not stipulate to the filing of an untimely and still deficient Third Amended Complaint." And "[e]ven after being asked to withdraw his inappropriate discovery requests, [Mr. Corley]'s counsel did not do so until the morning of the hearing." Further with regard to discovery, the case had been pending for more than a

year, but "discovery ha[d] not yet even begun because of multiple motions to dismiss and strike untimely and deficient complaints."

[¶23] In sum, the court found that Mr. Corley's counsel demonstrated a complete lack of diligence throughout this case, which prejudiced Wyoming Rents by forcing it to incur substantial attorney's fees and the court in its ability to move forward in resolving the case. For those reasons, the district court determined that dismissal with prejudice was warranted.

[¶24] Mr. Corley now appeals to this court, generally arguing that the district court's determination was an abuse of discretion, primarily because the sanction was the harshest available.

## STANDARD OF REVIEW

[¶25] "A district court has discretion in overseeing the conduct of court proceedings and imposing sanctions when a party violates its orders." *Nw. Bldg. Co., LLC v. Nw. Distrib. Co.*, 2012 WY 113, ¶ 18, 285 P.3d 239, 243 (Wyo. 2012) (citing *Lieberman v. Mossbrook*, 2009 WY 65, ¶ 64, 208 P.3d 1296, 1314 (Wyo. 2009); *Terry v. Sweeney*, 10 P.3d 554, 558–59 (Wyo. 2000)). We review a district court's decision on sanctions for abuse of discretion. *Id.* (citing *Dollarhide v. Bancroft*, 2010 WY 126, ¶ 4, 239 P.3d 1168, 1170 (Wyo. 2010)). The party appealing an order to dismiss has the burden of establishing an abuse of discretion. *Int. of Bass*, 2020 WY 27, ¶ 5, 458 P.3d 857, 858 (Wyo. 2020) (citing *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo. 1997)).

[¶26] " 'Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.' " *Dollarhide*, 2010 WY 126, ¶ 4, 239 P.3d at 1170 (citations omitted). A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances. *Circle C Res. v. Hassler*, 2023 WY 54, ¶ 22, 530 P.3d 288, 295 (Wyo. 2023) (citations omitted). The ultimate issue for this Court to determine on appeal is whether the trial court could reasonably conclude as it did. *Id.* (citing *Heimer v. Heimer*, 2021 WY 97, ¶ 34, 494 P.3d 472, 481–82 (Wyo. 2021)).

## DISCUSSION

[¶27] We recognize at the outset that "dismissal of an action is 'the most severe of penalties, which ought to be assessed only in the most extreme situations.' " *Dollarhide*, 2008 WY 113, ¶ 11, 193 P.3d at 226 (quoting *Glatter v. American Nat'l Bank*, 675 P.2d 642, 644 (Wyo. 1984). As this Court has explained, Wyoming courts generally should

6

avoid dismissal because it " 'has always been the policy of our law to resolve doubts in favor of permitting parties to have their day in court on the merits of a controversy.' " *Waldrop v. Weaver*, 702 P.2d 1291, 1294 (Wyo. 1985) (quoting *Carman v. Slavens*, 546 P.2d 601, 603 (Utah 1976)). Even so, under W.R.C.P. 41(b), a district court may dismiss "any action not prosecuted or brought to trial with due diligence." Along similar lines, Rule 203(c) of the Uniform Rules for District Courts provides that cases "in which no substantial and bona fide action of record towards disposition has been taken for 90 days are subject to dismissal for lack of prosecution."

[¶28] Because the "extreme situations" in which dismissals occur are rare, no precise rule can be set forth to specify what circumstances truly justify such sanction. *See Dollarhide*, 2008 WY 113, ¶ 11, 193 P.3d at 226. "In determining whether the harsh sanction of dismissal is warranted, 'the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand.' " *Nw. Bldg. Co., LLC*, 2012 WY 113, ¶ 21, 285 P.3d at 244 (citing *Randolph v. Hays*, 665 P.2d 500, 503 (Wyo. 1983)).

[¶29] Here, near the beginning of the case, the district court was presented with the opportunity to dismiss the action with prejudice. It refused to do so, instead choosing to give Mr. Corley and his counsel another chance to properly file a valid complaint in compliance with Wyoming law. Throughout the course of the case, the district court repeatedly chose to give Mr. Corley and counsel additional chances to remedy their various failures. By the time the district court dismissed the action with prejudice, the matter was not simply a collection of minor transgressions. Rather, the court faced a situation in which a proper complaint had yet to be filed after nearly a year of litigation and what can perhaps be described as outright refusals to comply with Wyoming law and specific court orders. Both the district court and the opposing party suffered as a result.

[¶30] The law places the "duty of expediting the case" chiefly with the plaintiff. *Dollarhide*, 2008 WY 113, ¶ 15, 193 P.3d at 227 (quoting *Johnson*, 588 P.2d at 238). Mr. Corley, as plaintiff, by and through his counsel, failed to move the case along. The court directly confronted Mr. Corley and counsel with such legitimate concerns as the unnecessary delays in the litigation, the need for multiple motions to dismiss and/or strike pleadings, and the improper attempt to begin discovery before a proper complaint had been filed, among other things. In response, counsel for Mr. Corley did little more than acknowledge his failures and argue the case should not be dismissed, especially not with prejudice, and especially since it was counsel—and not Mr. Corley himself—who admitted to repeatedly failing to comply with the court's orders and the law.

[¶31] However, as the United States Supreme Court has recognized in a case involving dismissal of an action for failure to prosecute:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S. Ct. 1386, 1390 (1962) (citation omitted). Thus, while one could claim that the delays and other inappropriate behavior exhibited during the litigation below stemmed from counsel's choices and actions, such claim does not preclude a district court from granting a motion to dismiss with prejudice. Based on this Court's review of the record, it can find no abuse of discretion in the district court's analysis of the circumstances of this case.

## *CONCLUSION*

[¶32] Although the district court afforded Mr. Corley several opportunities to amend his complaint to comply with the strictures of Wyoming law relating to wrongful death actions in particular and to civil actions in general, he through counsel failed to comply with the requirements of the law or the court's unequivocal orders. Such failures resulted in wasted time and resources for both the court and the opposing party. While dismissal with prejudice remains a sanction not to be granted lightly, under the facts of this case, the district court did not abuse its discretion in finding the sanction to be warranted.

[¶33] Affirmed.