## Buyce v. Mellon-Stuart Co.

*John A. Adamczyk,* for plaintiff.
*David J. Hickton,* for defendant IKM Inc.

WETTICK, *J.,* July 30, 1991—Plaintiff was injured in a fall occurring in the vicinity of a construction site. She sued the owner of the property, the general contractor of the construction project, and the architect for the project. She alleged that the architect (IKM) was negligent because of the manner in which it constructed, designed and erected a partition wall that surrounded the construction site and because of its failure to correct this dangerous condition. In its answer, the architect alleged that it did not design, erect or construct the partition wall and that it had no responsibility for or control over the conditions at the work site.

IKM has filed a "motion to dismiss based on affidavit of noninvolvement." The motion includes an affidavit of Marion Zentarsky, chief financial officer of IKM, based upon information within his personal knowledge, which avers that none of the drawings, floor plans, specifications or related documents which IKM prepared for the project contain any reference to the partition wall, that IKM did not exercise any control over or have any involvement in the erection or inspection of barriers or fences around the construction site, and that the agreement between the owner and IKM provided that IKM would have no control over or responsibility for

construction means, techniques or procedures or safety precautions at the job site.

Defendant's motion is based on the Act of June 30, 1988, P.L. 464, No. 79, §3, 42 Pa.C.S. §7502 which reads as follows:

"§7502. *Affidavit of noninvolvement*

"(a) *Dismissal by affidavit*—In any action for negligence, any construction design professional who is retained to perform professional services on a construction project may have the action against such construction design professional dismissed upon the filing of an affidavit of noninvolvement.

"(b) *Tolling statute*—The filing of such affidavit shall have the effect of tolling the statute of limitations as to the affiant with respect to the claim at issue.

"(c) *Reinstatement*—If the court determines that the statements made in any affidavit filed under subsection (a) are inaccurate, the court shall immediately reinstate the action against the affiant. In any action where the affiant is found by the court to have knowingly filed a false affidavit, such conduct shall constitute just cause for the court to instruct the jury that it may award exemplary damages in relation to such conduct.

"(d) *Discovery*—In any action reinstated pursuant to subsection (c), or in any case where the construction design professional is later joined as a defendant, all discovery taken in such action prior to the reinstatement or joinder may be used for any purpose permissible under any statute or rule of court as if the reinstated or joined defendant had participated fully in the action from the date of filing.

"(e) *Definitions*—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"'Affidavit of noninvolvement.' A statement, in writing, setting forth with particularity facts which

demonstrate that the construction design professional is misidentified or otherwise was not involved with regard to the cause of the injury or damage, individually or through its servants or employees, in the performance of professional services which forms the subject matter of the action, signed by the party making it, and sworn to or affirmed before an officer authorized by the laws of this Commonwealth to take acknowledgments of deeds or to administer oaths.

"'Construction design professional.'

"(1) Any person who is an architect, professional engineer, landscape architect or land surveyor licensed by the appropriate State board to practice such profession in this Commonwealth.

"(2) Any corporation organized to render professional services through the practice of one or more of such professions in this Commonwealth.

"(3) Any employee of such professional who is assisting or representing the professional in the performance of professional services on the site of the construction project."

This is a negligence action against a construction design professional retained to perform professional services on a construction project. The affidavit submitted by IKM's chief financial officer sets forth with particularity facts which demonstrate that IKM was not involved with regard to the cause of the injury.

It is IKM's position that under section 7502(a) this court must dismiss this action on the basis of the contents of the Zentarsky affidavit. Furthermore, under section 7502(c) the action against IKM may not be reinstated unless this court determines that statements made in the affidavit are inaccurate.

It is plaintiff's position, on the other hand, that information obtained through discovery contradicts the information within the IKM affidavit. Conse-

quently, plaintiff should be permitted to pursue her claim against IKM.

If we literally construe section 7502, this court must dismiss a negligence action against a construction design professional who files an affidavit of noninvolvement which complies with the requirements of subsection (e) unless the court determines that the statements within the affidavit are inaccurate. However, plaintiff has demanded a jury trial and under Article 1, section 6 of the Pennsylvania Constitution, any party to a negligence action is entitled to have factual disputes decided by a jury.

The Legislature does not ordinarily enact legislation which appears to conflict with established and accepted constitutional rights (1 Pa.C.S. §1922). Consequently, in the absence of a clearer directive within the legislation, we do not believe that the Legislature intended for a judge to decide any credibility issues concerning the involvement of a construction design professional whenever any party to the litigation has requested a jury trial. When a jury trial has been requested, we believe that the Legislature intended only for the court to determine whether the plaintiff can present evidence that would support a jury determination that the construction design professional was involved "with regard to the cause of the injury or damage . . . in the performance of professional services which forms the subject matter of the action."

Thus, we will implement 42 Pa.C.S. §7502 in the following manner. The construction design professional seeking a dismissal shall file a motion to dismiss which includes the affidavit of noninvolvement that is the basis of the motion. If the court, upon review of the motion, determines that the construction design professional has established a prima facie case for dismissal pursuant to 42 Pa.C.S. §7502, the court will enter an order scheduling a

44

final argument on the motion and directing the plaintiff to file prior to the argument affidavits (based upon personal knowledge), depositions and the like that would permit a jury to find that the construction design professional was involved in any activities upon which the negligence claim is based. At the argument, the sole issue will be whether the plaintiff has met this burden. If the plaintiff has done so, the motion shall be denied. If plaintiff has not done so, the motion shall be granted.

The standards that this court has described for determining whether to grant a motion pursuant to section 7502 are similar to the standards for determining whether this court would grant a summary judgment in favor of the moving party. The major difference between a motion to dismiss based upon an affidavit of noninvolvement filed pursuant to section 7502 and a motion for summary judgment based on an identical affidavit concerns the stage of the proceedings at which the court will dismiss the construction design professional against whom there is no evidence.

A judgment entered pursuant to a motion for summary judgment is a final judgment that bars reinstatement of the action in the future. Consequently, ordinarily a court will not enter a summary judgment based on an affidavit of noninvolvement of a construction design professional until all parties who have raised claims against the construction design professional have completed their discovery and have consulted with the necessary experts. Section 7502, on the other hand, permits a construction design professional to be dismissed while discovery is pending if no other party has admissible evidence that refutes the allegations within the affidavit of noninvolvement. This means that the construction design professional against whom no other

party has admissible evidence will not incur the additional pre-trial expenses that would be incurred if that party were required to remain in the case while the other parties completed their discovery.

However, the granting of the motion will not necessarily cause the remaining parties to the lawsuit to abandon their claims against the construction design professional. The remaining parties to the lawsuit still retain the opportunity to file a motion for reinstatement pursuant to section 7502(c). Consequently, they may engage in discovery after the motion is granted to determine if they can obtain evidence establishing a case against the construction design professional.

## ORDER OF COURT

On July 30, 1991, it appearing that defendant IKM Inc., has made a prima facie showing that it is entitled to have this action dismissed pursuant to 42 Pa.C.S. §7502, it is hereby ordered that within 60 days, plaintiff may file depositions, affidavits and the like which support a finding that IKM Inc., was involved with regard to the cause of the injury in the performance of professional services which form the subject matter of this action. Final argument is scheduled for October 18, 1991 at Noon.