**Davis v. II-VI Inc.**

514

C.P. of Butler County, no. A.D. 99-10704.

*Christopher J. Youngs,* for plaintiff.
*Paul J. Walsh III,* for defendant II-VI Inc.
*Robert J. Ray,* for defendant Hornfeck Engineering.
*Kenneth S. Mroz,* for defendant Hey Electric.
*John L. Kwasneski,* for defendant Holbein Inc.
*Edward A. Schenck,* for defendant Gabriel Enterprises Inc.

HORAN, *J.,* January 31, 2001—Before this court for consideration is the defendant Hornfeck Engineering Inc.'s motion to dismiss filed at the above docket number. For the foregoing reasons, said defendant Hornfeck's motion is denied.

## FACTUAL BACKGROUND

The complaint for personal injuries was filed against the five defendants by the plaintiff Martin R. Davis, on November 22, 1999. In his complaint, the plaintiff alleges that he was assigned by his employer, Salt Painting Inc., to paint certain portions of a building which was under construction and owned by the defendant II-VI Inc. The plaintiff alleges that on November 26, 1997, in order to perform this painting, he was driving a scissors lift machine supplied by one or more of the defendants. The plaintiff allegedly drove over a pit, which had been covered with plywood and plastic by one or more of the defendants. The scissors machine broke through the plywood and the plaintiff and the machine fell into the pit. Plaintiff alleges injuries, including a broken leg, which has necessitated several surgeries and subsequent complications, and an injury to his quadriceps muscle and broken teeth resulting from falls caused by his incident-related disability. In his complaint, the plaintiff brings a count of negligence against each of the defendants.

Defendant Hornfeck filed its motion to dismiss on November 2, 2000. Defendant Hey Electric Co. Inc. opposes this motion. Oral arguments were heard on January 22, 2001. Discovery is presently ongoing in this case.

## DISCUSSION

In its motion to dismiss, defendant Hornfeck argues that it is a consulting engineering company and that it was not involved in any manner with the cause of the plaintiff's injuries. In its motion, the defendant includes

an affidavit of noninvolvement from its president, Richard W. Petrie, wherein Mr. Petrie explains the scope of Hornfeck's duties related to the construction project and he denies any involvement in the incident, which gives rise to this claim. Defendant Hornfeck argues that the scope of its duties within the construction project was to design the building's permanent lighting and that no lighting or power systems designed by Hornfeck were in place at the time of the accident. Also, defendant Hornfeck further argues that it had no responsibility for any temporary lighting or for the construction at the building site, that it did not cover the pits, that it did not have a representative at the construction site, and that it did not own, possess, control or furnish the scissors lift to the plaintiff.

Defendant Hey Electric opposes defendant Hornfeck's motion to dismiss and presented oral arguments in support of its opposition on January 22, 2001. Defendant Hey Electric essentially argues that there is a factual issue as to whether there was permanent lighting in place at the time of the accident. Defendant Hey Electric specifically argues that defendant II-VI has provided verified answers to interrogatories and responses to requests for production of documents wherein it has stated that permanent lighting was in place at the time of the accident. Further, defendant Hey Electric argues that Daryl Schmidt, the project manager for defendant II-VI, testified at his deposition that he believed permanent lighting was in place at the time of the accident but that he could not say so with certainty.

Defendant Hornfeck's motion to dismiss appears to this court to be in some ways similar to a motion for

summary judgment. Defendant Hornfeck is asking this court to dismiss the claims against it based upon the affidavit of noninvolvement from its president. 42 Pa.C.S. §7502(a) permits dismissal in a negligence action where a construction design professional files an affidavit of noninvolvement. Section 7502(c) provides that the defendant may be reinstated if discovery establishes the existence of liability. The issue before this court is essentially whether or not the court may dismiss a defendant under 42 Pa.C.S. §7502(a) when another party presents evidence that creates a genuine issue of material fact as to whether or not the defendant was involved in the incident.

The Allegheny County Court of Common Pleas faced a similar issue in *Buyce v. Mellon-Stuart Co.,* 13 D.&C.4th 39 (1991) where an architect filed a motion to dismiss based upon an affidavit of noninvolvement. The court recognized that the standards for considering a motion to dismiss pursuant to 42 Pa.C.S. §7502(a) are similar to the standards used when considering a motion for summary judgment. *Id.* at 44. The major difference between these two motions concerns the stage of the proceedings at which the court will dismiss the construction design professional against whom there is no evidence. See *id.*

In *Buyce,* 13 D.&C. 4th 39, the court held that the defendant had established a prima facie case showing that it was entitled to have the action dismissed pursuant to 42 Pa.C.S. §7502, and granted the plaintiff 60 days to submit evidence that the defendant was involved with regard to the cause of the injury. The court stated that if the plaintiff can present evidence that would permit the

jury to find that the construction design professional was involved in any of the activities upon which the negligence claim is based, the defendant's motion to dismiss should be denied. *Id.* at 44.

This court finds that defendant Hey Electric has presented sufficient evidence, in the form of deposition testimony and answers to interrogatories, to establish the existence of a genuine issue of material fact. According to the court's decision in *Buyce,* 13 D.&C.4th 39, defendant Hornfeck's motion to dismiss pursuant to 42 Pa.C.S. §7502 should be denied due to the presence of such evidence which would permit a jury to determine that defendant Hornfeck was involved in activities upon which the negligence claim is based. As such, defendant Hornfeck's motion to dismiss is denied.

Accordingly we enter the following:

## ORDER

And now, January 31, 2001, in consideration of defendant Hornfeck Engineering Inc.'s motion to dismiss, briefs in support, and oral arguments thereon, as well as defendant Hey Electric Co.'s oral arguments in opposition to said motion, it is hereby ordered that the defendant's motion is denied.