# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 116

OCTOBER TERM, A.D. 2024

November 8, 2024

| | |
|---|---|
| JOSHUA WEARMOUTH,<br><br>Appellant<br>(Defendant),<br><br>v.<br><br>FOUR THIRTEEN, LLC, a Wyoming limited liability company,<br><br>Appellee<br>(Plaintiff).<br><br>LARRY STEPHENS; EDMOND X. MORINIERE; RONALD G. MEYERS; and DAVID C. NORTON,<br><br>Appellants<br>(Defendants)<br><br>v.<br><br>FOUR THIRTEEN, LLC, a Wyoming limited liability company,<br><br>Appellee<br>(Plaintiff). | S-24-0008, S-24-0009 |

*Appeal from the District Court of Laramie County*
*The Honorable Peter H. Froelicher, Judge*

*Representing Appellant Joshua Wearmouth:*

Pro se.

*Representing Appellants Larry Stephens, Edmond X. Moriniere, Ronald G. Meyers, and David C. Norton:*

Earl Landers Vickery, Vickery & Shepherd, LLP, Houston, Texas; Erik Oblasser, Corthell and King Law Office, P.C., Laramie, Wyoming. Argument by Mr. Oblasser and Mr. Vickery.

*Representing Appellee:*

Tyler J. Garrett, Matthew Kaufman, Melissa K. Burke, Hathaway & Kunz, LLP, Cheyenne, Wyoming. Argument by Mr. Garrett.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Edmond X. Moriniere, Ronald G. Meyers, and David C. Norton, three individuals in this multi-party litigation involving a joint business venture, appeal the district court's decision rejecting their affidavits of non-involvement.  The same individuals and two others, Larry Stephens and Joshua Wearmouth, also appeal the district court's discovery sanction and entry of default judgment against them.  After determining the standard of review for decisions on affidavits of non-involvement, as a matter of first impression, we affirm the district court on that issue.  However, because the Appellants did not violate any prior discovery order, the sanction against them under Wyoming Rule of Civil Procedure 37(b) must be reversed.  We affirm in part, reverse in part, and remand.

## ISSUES

[¶2]    We consider Appellants' two dispositive issues which we rephrase as:[1]

> I.   Whether the district court erred when it did not dismiss Appellants Moriniere, Meyers, and Norton based on their affidavits of non-involvement.
>
> II.  Whether the district court erred by entering Rule 37(b) discovery sanctions against Appellants for discovery violations committed by a corporate defendant.

## FACTS

[¶3]    In November 2020, Appellee Four Thirteen, LLC brought a sixty-five count complaint against three corporate entities, the five individual Appellants, and one other individual.  It alleged two of the individuals, Appellants Wearmouth and Stephens, solicited funds from Four Thirteen for a speculative business venture to monetize Brazilian carbon credits owned by some of the corporate defendants.  Four Thirteen provided funds, and Appellants Wearmouth and Stephens provided investment memoranda, prospectus documents, and various agreements to govern the venture.  Four Thirteen provided additional funds at various points, but the joint venture produced no results, which prompted Four Thirteen to investigate.

[¶4]    According to the complaint, Four Thirteen determined the three corporate entities did not own the alleged carbon credits, and believed Appellants Wearmouth and Stephens made numerous misrepresentations about the venture and the use of the funds Four Thirteen provided.  The complaint alleges breach of contract, breach of fiduciary duty,

---

[1] Appellant Wearmouth filed his appeal separately and joins in the second issue.

breach of the covenant of good faith and fair dealing, fraud, constructive fraud, negligent misrepresentation, conversion, violation of the Wyoming Securities Act, unjust enrichment, and civil conspiracy.

[¶5]    Four Thirteen brought the entire suite of claims against Appellants Wearmouth and Stephens, alleged to be the principal actors and shareholders, officers, and board members of one or more of the corporate entities.  Four Thirteen alleged only fraud, constructive fraud, and negligent misrepresentation against Appellants Moriniere, Meyers, and Norton, generally asserting that as officers of one of the entities, they either knew or should have known what Wearmouth and Stephens were doing.  Four Thirteen also pled a claim to pierce the corporate veil against the three corporate entities.

[¶6]    The litigation in this case was lengthy, and we summarize only pertinent history.  At one point in the litigation, Appellants Moriniere, Meyers, and Norton filed affidavits of non-involvement, seeking dismissal from the suit.  Four Thirteen opposed the affidavits.  After a hearing, the district court rejected the affidavits and denied the corresponding requests for dismissal.  As the case progressed, the corporate defendants failed to respond to Four Thirteen's discovery requests, and Four Thirteen moved for an order to compel, which the district court granted.  Corporate counsel, who represented the entities and several of the individuals, moved to withdraw.  The district court granted that motion only as to the individuals, and the Appellants proceeded as self-represented parties.  The corporate defendants continued to avoid discovery, and Four Thirteen moved for sanctions against them.  The district court granted that motion, ordering sanctions against the corporate defendants and the Appellants in the form of a judgment on the merits.  A damages hearing followed, setting the total judgment at $1,150,000 for which all defendants, including Appellants, were jointly and severally liable.

[¶7]    Appellants Stephens, Moriniere, Meyers and Norton timely filed their appeal, as did Appellant Wearmouth through a separate appeal.  We consolidate the two appeals for this opinion.

## DISCUSSION

I.    *The district court properly concluded there were issues of fact about Appellants' involvement in the occurrence(s) alleged in the action.*

[¶8]    Wyo. Stat. Ann. § 1-1-117 governs dismissal through affidavits of non-involvement:

> (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages, a party may, in lieu of answering or otherwise pleading, file an affidavit certifying that he was not directly or indirectly involved in the occurrence or occurrences alleged in the

2

action. If an affidavit is filed, **the court shall order the dismissal of the claim against the certifying party, except as provided for in subsection (b)** of this section. The affidavit shall be filed within the time required for filing an answer, if no answer is filed; and, in any event, at least twenty (20) days prior to trial. Any order of dismissal based on the affidavit shall not be entered within ten (10) days after the affidavit is filed.

(b) Any party may oppose the dismissal or move to vacate the order of dismissal and reinstate the certifying party, **provided he can show that the certifying party was directly or indirectly involved in the occurrence or occurrences alleged in the action.** After the filing of an affidavit under this section, the party opposing the dismissal may have discovery with respect to the involvement or noninvolvement of the party filing the affidavit, provided the discovery is completed within sixty (60) days of the filing of the affidavit.

(emphasis added).[2]

[¶9]   We have seldom addressed this statute and have not yet articulated the governing standard of review. Only in one case did we briefly review dismissal based on affidavits of non-involvement. *Chasson v. Cmty. Action of Laramie Cnty., Inc.* 768 P.2d 572, 579–80 (Wyo. 1989) (citations omitted). We affirmed dismissal in *Chasson* by concluding there were "no question[s] of fact" presented in response to the affidavits. *Id.* at 579 ("No showing was made by appellant that creates any question of fact to be tried following the filing of affidavits of non-participation[.]"). We resolved subsequent appeals raising affidavit of non-involvement issues on other grounds. *Richardson v. Hardin*, 5 P.3d 793, 798 (Wyo. 2000) (declining to consider the issue having decided the matter on summary judgment grounds); *Amos v. Lincoln Cnty. School Dist. No.* 2, 2015 WY 115, ¶ 32, 359 P.3d 954, 963 (Wyo. 2015) (dismissing the issue because there was no final appealable order in the case).

[¶10]  Both parties advocate for de novo standards of review. Appellants ask us to apply the standard by which we review rulings on motions for judgment as a matter of law under W.R.C.P. 50. Appellee asserts the appropriate standard may be the one we use when reviewing decisions on motions to dismiss for failure to state a claim but is more likely to

---

[2] The legislature enacted Wyo. Stat. Ann. § 1-1-117 in a package of tort reform legislation in 1986. *White v. State*, 784 P.2d 1313, 1320–21 (Wyo. 1989) ("Among the reforms enacted into the 1986 Wyoming Session Laws are the following: . . . ch. 5 (providing for the dismissal of actions on the basis of a defendant's affidavit of non-involvement, providing that such an affidavit may be filed in lieu of an answer, and permitting a plaintiff limited discovery for the purpose of rebutting that affidavit); . . . ."). While recognizing the need to join all parties at the outset of an action, the statute provides a procedural mechanism prior to summary judgment or trial to remove parties who should not be part of the litigation.

be the one we apply to summary judgment rulings. Each of those de novo standards is slightly different although, in each, we construe all facts in favor of the non-moving party. When reviewing a judgment as a matter of law, "[t]he test to be applied is whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable persons could have reached." *Gore v. Sherard*, 2002 WY 114, ¶ 11, 50 P.3d 705, 710 (Wyo. 2002) (citation omitted). When reviewing dismissal for failure to state a claim, we are confined to the materials in the complaint. *Williams v. Lundvall*, 2024 WY 27A, ¶ 6, 545 P.3d 431, 433 (Wyo. 2024) (citation omitted). But when we review a summary judgment order, the burden of production shifts between the parties and we review materials beyond the pleadings. *Kudar v. Morgan*, 2022 WY 159, ¶ 11, 521 P.3d 988 (Wyo. 2022) (citations omitted). If the moving party makes their prima facie case, we evaluate the opposing party's submissions to determine whether there are disputed issues of material fact that preclude the relief requested. *Sellers v. Claudson*, 2024 WY 69, ¶ 10, 550 P.3d 559, 654–65 (Wyo. 2024) (citation omitted).

[¶11]   Of the three options—de novo as if reviewing (1) a judgment as a matter of law, (2) a dismissal for failure to state a claim, or (3) a summary judgment order—only one aligns with the procedural components of Wyo. Stat. Ann. § 1-1-117. The first standard presumes evidence has been admitted in a trial that can only lead to one conclusion. *Gore*, 2002 WY 114, ¶ 11, 50 P.3d at 710. We decline to apply this standard because affidavits of non-involvement are considered pre-trial, Wyo. Stat. Ann. § 1-1-117(a), and are not accompanied by evidence admitted through the structure and rules governing trials. We decline to apply the second standard—which confines our consideration to materials in the complaint—because Wyo. Stat. Ann. § 1-1-117(b) contemplates submission of materials outside the pleadings and an opportunity for discovery. The summary judgment standard, on the other hand, more closely aligns with Wyo. Stat. Ann. § 1-1-117 because it contemplates a shifting burden of production and submission of materials outside the pleadings. Our decision in *Chasson* provides support for this conclusion by indicating we focused on both parties' evidence and reviewed for "any question of fact to be tried." 768 P.2d at 579.

[¶12]   A limited number of states have statutes or rules permitting affidavits of non-involvement, and even fewer have reviewed dismissals on affidavits of non-involvement in depth. However, the approach taken by two sister states provides further support for this approach. In Pennsylvania, the trial courts' standard is similar to that for summary judgment. *Davis v. II-VI, Inc.*, 53 Pa. D. & C.4th 513, 515 (Pa. Com. Pl. 2001) ("[T]he standards for considering a motion to dismiss pursuant to [affidavits of non-involvement] are similar to the standards used when considering a motion for summary judgment."); *Buyce v. Mellon-Stuart Co.*, 13 Pa. D. & C.4th 39, 44 (Pa. Com. Pl. 1991) ("The major difference between a motion to dismiss based upon an affidavit of noninvolvement . . . and a motion for summary judgment based on an identical affidavit concerns the stage of the proceedings at which the court will dismiss [the party]."). After

4

the party opposing dismissal files its opposition, the trial court must determine if the moving party established a prima facie case for dismissal. *Buyce*, at 43–44. If so, the trial court issues an order allowing limited discovery on the issue of non-involvement and sets the matter for a hearing. *Id.* The party opposing dismissal must present evidence, such as affidavits, depositions, or other material, sufficient to "create[] a genuine issue of material fact as to whether or not the defendant was involved in the incident." *Davis*, 53 Pa. D. & C.4th at 515; *see Buyce*, at 44–45 (discussing the type of evidence that can be used and the availability to seek reinstatement of a previously-dismissed party if such evidence arises through subsequent discovery).

[¶13] New Jersey takes a slightly different approach by placing affidavits of non-involvement somewhere in between motions to dismiss for failure to state a claim and motions for summary judgment, but dismissal for non-involvement remains dependent on discovered facts.[3] *New Jersey State Bar Ass'n v. State*, 888 A.2d 526, 556–57 (N.J. Super. Ct. App. Div. 2005). While summary judgment requires statements of material fact accompanied by discovery materials, and a motion to dismiss for failure to state a claim is confined to the four corners of the complaint, the affidavit of non-involvement "imposes a requirement somewhere in between the [other] rules' requirements." *Id.* at 337. In challenges to the statute after its enactment, New Jersey's appellate court explained, "[r]ather than conflicting with summary judgment motion practice, we view the technique of an affidavit of noninvolvement as a supplement to such practice." *New Jersey State Bar Ass'n v. State*, 902 A.2d 944, 959 (N.J. Super. Ct. App. Div. 2006). However, unlike summary judgment, dismissal for non-involvement is not dispositive because there remains an opportunity to rejoin a party previously dismissed for non-involvement based on subsequent discovery. *Id.*

[¶14] Wyoming's statute likewise provides a shifting burden of production, an opportunity for discovery, and that the party opposing dismissal must make some showing—necessarily an evidentiary showing outside the pleadings—that the party seeking dismissal was directly or indirectly involved in the occurrence(s) alleged in the action. Wyo. Stat. Ann. § 1-1-117(b). Based on our review in *Chasson* for a "question of fact to be tried," the procedural directives in Wyo. Stat. Ann. § 1-1-117, and the approach taken in the cases discussed above, we conclude a summary judgment type standard of review is appropriate when reviewing dismissal based on affidavits of non-involvement.

[¶15] To summarize then, the trial court evaluating a contested dismissal based on an affidavit of non-involvement reviews the affidavit for a prima facie showing of non-involvement, orders any discovery that may be requested, and then determines whether the party opposing dismissal presented admissible evidence that the party seeking dismissal was directly or indirectly involved in the occurrence(s) alleged in the action. If there is a

---

[3] As in Wyoming, the New Jersey statute allowing dismissal through affidavits of non-involvement was adopted through tort reform legislation.

disputed issue of fact about that party's involvement, then dismissal should not be granted. *Davis*, 53 Pa. D. & C.4th at 515. On appeal, we review the matter de novo, affording no deference to the district court's ruling, and we evaluate the record from the viewpoint most favorable to the party opposing dismissal, giving that party all the favorable inferences which may be drawn from the facts contained in affidavits, depositions, and other materials appearing in the record. *See Chasson*, 768 P.2d at 579–80; *Sellers*, 2024 WY 69, ¶ 10, 550 P.3d at 654–65.

[¶16] Applying that standard here, Appellants Moriniere, Meyers and Norton each filed affidavits of non-involvement, seeking dismissal from the case. Their affidavits disclaimed involvement with certain assertions in the background section of the Complaint. Each Appellant included a general denial of involvement or contact of any type with Four Thirteen and disclaimed specific knowledge of what Appellants Stephens and Wearmouth discussed with Four Thirteen. Four Thirteen opposed those affidavits, pointing to the Appellants' respective roles as corporate officers, statements within the affidavits which affirmed discussions with Appellants' Stephens and Wearmouth, and Appellants' being identified as the joint venture's team of officers on a public website.

[¶17] The record available to us on this issue is limited. There was a hearing on the affidavits, but there is no transcript of that hearing, and the district court's three summary orders denying dismissal include no discussion or findings. The complaint is clear that the three claims against Appellants Moriniere, Meyers and Norton (fraud, constructive fraud, and negligent misrepresentation) each assert the Appellants "knew or should have known" about the false representations and lack of reasonable care by the principal actors. Those claims are not dependent on direct participation in particular transactions with Four Thirteen. Appellants Moriniere, Meyers and Norton admit to being listed as officers of the pertinent corporate entity on the website. They also admit to having discussions, conversations, and telephone calls with Defendants Stephens and Wearmouth. The affidavits establish that Appellant Moriniere worked on developing business deals and suggested promising business leads to Appellants Wearmouth and Stephens. Appellant Norton's conversations with Appellants Stephens and Wearmouth were for "updates on developments in the efforts to monetize the carbon credits." Appellant Meyer had "several discussions with Joshua Wearmouth and Larry Stephens regarding their efforts. We discussed how they planned to make money with the carbon credits." He also had telephone calls with Appellant Stephens every three to six months for general updates on the efforts to monetize the carbon credits.

[¶18] Construing these sworn assertions in Four Thirteen's favor, along with the website images corroborating the Appellants' roles as officers, we find no error in the district court's ruling that Appellants Moriniere, Meyers and Norton were not entitled to dismissal and instead should remain in the action. The district court noted that it considered the filings, attachments, and the oral arguments, and while the district court made no specific

6

findings in its abbreviated orders, we find nothing in the available record to refute its conclusion that dismissal should be denied.

## II. The district court erred by entering Rule 37(b) discovery sanctions against Appellants who did not violate a predicate discovery order.

[¶19] Four Thirteen moved for an order to show cause against the three corporate defendants under W.R.C.P. 37(b)(A) and (C),[4] asserting the entities failed to comply with a prior order compelling discovery. The district court held a hearing [R. at 1968-70] and then granted the motion. However, the court entered its order and sanction against all defendants, including Appellants who were not the subjects of the motion for an order to

---

[4] W.R.C.P. 37(b) provides for certain types of discovery sanctions when a party fails to comply with a previous discovery order:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . . .
>
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

W.R.C.P. 37(b)(2)(A), (C).

show cause and who had not been the subject of the predicate discovery order. The sanction was a judgment in favor of Four Thirteen on all claims.

[¶20] We interpret W.R.C.P. 37 de novo and review the district court's factual determinations for clear error. *Peterson v. Meritain Health, Inc.*, 2022 WY 54, ¶ 18, 508 P.3d 696, 704 (Wyo. 2022) (citations omitted); *Groskop v. S&T Bank*, 2020 WY 113, ¶ 26, 471 P.3d 274, 282 (Wyo. 2020) (citations omitted). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re J. Kent Kinniburgh Revocable Tr.*, 2023 WY 56, ¶ 21, 530 P.3d 579, 586 (Wyo. 2023). The mechanisms used to control discovery and the selection of appropriate sanctions are reviewed for an abuse of discretion. *Groskop*, 2020 WY 113, ¶ 26, 471 P.3d at 282 (citations omitted).

[¶21] Rule 37(b) requires that the noncompliant party be given an opportunity to comply with the predicate discovery order and notice that failure to comply may result in sanctions. *Glob. Shipping & Trading, Ltd. v. Verkhnesaldincky Metallurgic Co.*, 892 P.2d 143, 146 (Wyo. 1995) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707–08, 102 S. Ct. 2099, 2107, 72 L. Ed. 2d 492 (1982)); *see also Corley v. Wyoming Rents, LLC*, 2024 WY 51, 547 P.3d 333 (Wyo. 2024) (evaluating sanctions through W.R.C.P. 41 after multiple opportunities to comply with deadlines and orders). The United States Supreme Court has explained that Rule 37(b) limits a court's discretion in two ways—"[f]irst, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 707.[5]

[¶22] Notwithstanding the fact that Four Thirteen's Rule 37(b) motion was expressly directed to the corporate entities and did not identify Appellants as having violated the prior order compelling discovery, the district court summarily found "[t]he Defendants, both as individuals, and as officers, board members, and representatives" of the corporate entities "refused to comply with discovery orders" and "failed to participate in the litigation." However, while Appellants received service copies of the motion to compel, nothing about that motion put them on notice that they were in violation of the predicate discovery order and could be sanctioned for noncompliance. Because neither Four Thirteen nor the court identified a discovery order that the individual Appellants had violated, we are left with the definite and firm conviction that the district court's finding that Appellants "refused to comply with discovery orders" is clearly erroneous and the court abused its discretion by entering a Rule 37(b) sanction against the Appellants.

---

[5] "Because our rules are patterned after the federal rules, 'federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules.'" *Am. Collection Sys., Inc. v. Judkins*, 2024 WY 66, ¶ 9 n.1, 550 P.3d 549, 554 n.1 (Wyo. 2024) (quoting *Baker v. Baker*, 2023 WY 121, ¶ 19, 539 P.3d 412, 416 (Wyo. 2023)).

8

[¶23] Four Thirteen suggests we can nevertheless affirm the sanction against Appellants because a district court has inherent sanction authority. For this proposition, Four Thirteen points to *Corley*, 2024 WY 51, 47 P.3d 333, and *Northwest Building Co., LLC v. Northwest Distributing Co.*, 2012 WY 113, ¶¶ 18–25, 285 P.3d 239, 243–45 (Wyo. 2012). Both *Corley* and *Northwest Building Co.* addressed Rule 41 dismissals preceded by multiple opportunities to comply with court orders and deadlines or rules. Rule 41(b) allows courts, upon motion from defendant or on a court's own motion, to dismiss an action when it is not prosecuted or brought to trial with due diligence. Such dismissal must be preceded by notice and an opportunity to be heard. W.R.C.P. 41(b)(2). Rule 41 is a rule-based authority and does not create an inherent authority vehicle to enter judgment against defendants for failing to participate in an action. Four Thirteen's reliance on *Corley* and *Northwest Building* is therefore unavailing.

[¶24] We have recognized the inherent authority of all courts to "take actions reasonably necessary to administer justice efficiently, fairly, and economically and to ensure the court's existence, dignity, and functions." *Terry v. Sweeney*, 10 P.3d 554, 558 (Wyo. 2000) (citation omitted); *see also Dollarhide v. Bancroft*, 2010 WY 126, ¶¶ 21–24, 239 P.3d 1168, 1175–76 (Wyo. 2010) (discussing inherent authority to sanction severe litigation abuse). However, that "notion of inherent power has been described as nebulous, and its bounds as 'shadowy,' 'not possible to locate with exactitude,' and, therefore, should be exercised with great restraint and caution." *Bi-Rite Package, Inc. v. Dist. Ct. of the Ninth Jud. Dist. of Fremont Cnty.*, 735 P.2d 709, 714 (Wyo. 1987) (citation omitted)). In any event, prior to exercising any modicum of inherent authority, the court must provide the party to be sanctioned notice and an opportunity to be heard. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67, 100 S. Ct. 2455, 65 L. Ed. 2d 48 (1980) (citations omitted); *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 570 (3d Cir. 1985) (citations omitted); *see Bi-Rite Package, Inc.*, 735 P.2d at 717 (recognizing the requirement of "notice to all concerned" as a prerequisite to sanctions).

[¶25] The record here is clear. Four Thirteen did not seek discovery sanctions against anyone except the corporate defendants, citing Rule 37(b). The district court identified no predicate discovery order that the Appellants had violated, as is required for a Rule 37(b) sanction. It offered no notice to Appellants they may be subject to sanctions, and it cited no reliance on another source of authority for sanctioning Appellants. For these reasons, we reverse the sanctions order against these Appellants and remand for further proceedings consistent with this opinion.[6]

---

[6] Appellants also present this issue as one of constitutional due process. Having resolved the discovery sanctions issue on the basis of W.R.C.P. 37(b), we decline to address the constitutional argument. *Wilson v. Bd. of Cnty. Comm'rs of the Cnty. of Teton*, 2007 WY 42, ¶ 14, 153 P.3d 917, 922 (Wyo. 2007) ("[W]e will not address constitutional issues if we are able to resolve the case on other grounds.") (citations omitted)); *State ex rel. Wyo. Dep't of Revenue v. Union Pac. R.R. Co.*, 2003 WY 54, ¶ 43, 67 P.3d 1176, 1191 (Wyo. 2003) (citations omitted).

## *CONCLUSION*

[¶26] Adopting a summary judgment type de novo standard of review for decisions regarding affidavits of non-involvement, we affirm the decision of the district court denying dismissal of Appellants Moriniere, Meyers, and Norton. The district court erred by entering judgment against all Appellants as a discovery sanction under W.R.C.P. 37(b) and without the notice required prior to exercising any inherent authority to enter judgment against recalcitrant parties. We reverse and remand the district court's sanction order as against Appellants.